### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | |
|---|---|
| **PHILLIP BUNDRICK** and **JUDY BUNDRICK,**<br><br>        Plaintiffs,<br><br>v.<br><br>**JAMES RACKARD, RAVET TAYLOR, and JUDITH CHLEBANA,**<br><br>        Defendants. | Civil Action 7:12-CV-46 (HL) |

### ORDER

On March 27, 2012, Plaintiffs filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires it to determine whether a proper jurisdictional basis exists in each case. When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiffs allege that this Court has jurisdiction over this action because the amount in controversy exceeds

$75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties. Plaintiffs state that they are citizens of South Carolina. Plaintiffs allege that Defendant James Rackard resides in Florida; that Defendant Ravet Taylor resides in Florida; and that Defendant Judith Chlebana resides in Michigan.

There is no statutory definition of citizen with regard to natural persons. Federal courts hold that an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608 (1989). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992).

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations presented in the complaint, the Court finds they are lacking. Plaintiffs failed to properly establish the citizenship of the Defendants.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiffs should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiffs shall have up to and through April 10, 2012 to file an amended complaint that conforms to the findings of this Order.

Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 30th day of March, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh